# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 28, 2024

Lyle W. Cayce
Clerk

_____

No. 20-60429

_____

Rafael Gomez-Vargas,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent.*

_____

Appeal from the Board of Immigration Appeals
Agency No. A205 635 840

_____

ON REMAND FROM
THE SUPREME COURT OF THE UNITED STATES

Before Clement, Duncan, and Wilson, *Circuit Judges*.

Per Curiam:[*]

   This immigration case, vacated and remanded to us by the Supreme Court, presents two issues: First, whether the Board of Immigration Appeals ("BIA") erred in concluding that additional evidence proffered by Petitioner Rafael Gomez-Vargas was not likely to change the outcome regarding his application for cancellation of removal. Second, whether the

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 20-60429

BIA erred in its determination that Gomez-Vargas was ineligible for cancellation of removal. We hold that the BIA did not err in denying the motion to remand and that, although this court has jurisdiction to review the BIA's cancellation of removal determination, the BIA did not err in determining that Gomez-Vargas was ineligible.

## I.

Gomez-Vargas, a native and citizen of Mexico, entered the United States in 1989 near Hidalgo, Texas, without being admitted or paroled by an immigration officer. In 2012, he was served with a notice to appear charging him with removability pursuant to 8 U.S.C. § 1182(a)(6)(A)(i). He admitted the allegations and conceded he was removable as charged. Gomez-Vargas then filed an application for cancellation of removal, claiming that his removal would cause exceptional and extremely unusual hardship for his five United States citizen children. *See* 8 U.S.C. § 1229b(b)(1)(D).[1]

The immigration judge ("IJ") held a hearing on Gomez-Vargas's application for cancellation of removal. To demonstrate hardship, Gomez-Vargas discussed his three children who still lived at home, detailing their academic performances, their struggles with his pending removal, and his desire to provide for them as the sole breadwinner of his family. He explained that his detention was especially difficult for his youngest child and that his children would suffer hardship if he were removed because they have never been cared for by another person. Gomez-Vargas worried that his family would lose their home if he were removed. He also testified that he was responsible for part of his older son's college tuition and indicated his belief

_____

[1] In order to be eligible for cancellation of removal under § 1229b(b)(1), a petitioner must demonstrate "that removal would result in exceptional and extremely unusual hardship to [his] spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence."

that his removal would make it impossible for his children to continue their studies. Finally, Gomez-Vargas expressed concern regarding his children visiting him in Mexico since he believes the country is dangerous and children are frequently kidnapped. Gomez-Vargas's 18-year-old son testified about his father's support and the hardship he would suffer if his father were removed.

The IJ issued a written decision denying Gomez-Vargas's application. While the IJ found that he had been present in the United States for the requisite time, had proved he was of good moral character, and had no disqualifying convictions pursuant to 8 U.S.C. § 1229b(b), she ultimately determined that Gomez-Vargas was ineligible for cancellation because he failed to prove that his children would experience exceptional and extremely unusual hardship. The IJ acknowledged that his children "would suffer on some level," but determined that Gomez-Vargas did not show that the hardship would be substantially beyond the hardship ordinarily associated with any departure. The IJ noted that Gomez-Vargas's children are healthy and do not currently suffer from medical issues, though she acknowledged that Gomez-Vargas's youngest child was "especially impacted" by the removal proceedings. Additionally, the IJ found that Gomez-Vargas failed to demonstrate that he could not support his family by working in Mexico, that he could not communicate with them by telephone, or that his children could not visit him in Mexico. Accordingly, the IJ denied the application for cancellation of removal and ordered Gomez-Vargas removed to Mexico.

Gomez-Vargas appealed the IJ's order to the BIA, asserting that the IJ legally erred by failing to consider all of the evidence and that the evidence established his family would suffer exceptional and extremely unusual hardship. Additionally, he moved to remand to allow the IJ to consider new evidence of his daughter's enlistment in the military and more recent information about crime and violence in Mexico. He asserted these changed

circumstances would likely alter the outcome of the case by demonstrating the requisite hardship.

The BIA adopted the IJ's decision, dismissed the appeal, and denied the motion to remand. The BIA agreed that Gomez-Vargas failed to demonstrate exceptional and extremely unusual hardship to his children, noting that the "hardship standard is a high threshold." In denying the motion to remand, the BIA determined Gomez-Vargas had not established how the new evidence would specifically impact his children upon his removal and therefore had not demonstrated that the additional evidence was likely to change the outcome of the case. Gomez-Vargas filed a timely petition for review following the BIA's decision. *See* 8 U.S.C. § 1252(b)(1).

In 2022, we initially rejected Gomez-Vargas's motion to remand because he failed to demonstrate how new evidence of his daughter's enlistment in the military would change the outcome of his case. *Gomez-Vargas v. Garland*, No. 20-60429, 2022 WL 5149586, at *2 (5th Cir. Oct. 5, 2022). We also declined to review whether he met his burden of demonstrating that his removal would cause exceptional and unusual hardship for his five children because we lacked jurisdiction under 8 U.S.C. § 1252(a)(2)(B). *Ibid.* Gomez-Vargas sought certiorari, which the Supreme Court granted.

In a related case, the Supreme Court held that § 1252(a)(2)(B) does not strip courts of jurisdiction to determine whether the established facts "satisfy the statutory eligibility standard" for cancellation of removal because this is a mixed question of law and fact reviewable under § 1252(a)(2)(D). *Wilkinson v. Garland*, 601 U.S. 209, 222, 225 (2024). The Court thus vacated our decision and remanded the case for further consideration.

No. 20-60429

## II.

### *A. Motion to Remand*

This court reviews the denial of a motion for remand under the highly deferential abuse-of-discretion standard. *Milat v. Holder*, 755 F.3d 354, 365 (5th Cir. 2014). The BIA abuses its discretion if its decision is "capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary." *Zhao v. Gonzales*, 404 F.3d 295, 304 (5th Cir. 2005) (internal quotation marks and citation omitted).

Gomez-Vargas contends that the BIA abused its discretion in determining that the new evidence presented in his motion to remand would not change the outcome in his case. He asserts that the evidence of his daughter's enlistment in the military and the dangerous conditions in Mexico were substantial factors that would likely change the outcome. Gomez-Vargas suggests that the IJ's conclusion that his daughter could visit him in Mexico is "now untenable" considering her enlistment. He states that she would be a target for violence if she traveled to Mexico. He also asserts that the State Department's travel advisories regarding danger in Mexico show that his children would not be able to visit the area where he would reside.

Although the evidence of his daughter's enlistment in the United States military and the new travel advisories concerning his home region in Mexico could prevent his children from visiting him, these facts would not establish a finding of exceptional and extremely unusual hardship to his children beyond the ordinary disruption of family relationships in such a case. *See In re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 61–62 (BIA 2001). Accordingly, the BIA's decision is not utterly without foundation, and it did not abuse its discretion by denying Gomez-Vargas's motion to remand. *See Zhao*, 404 F.3d at 303–04.

5

### *B. Exceptional and Extremely Unusual Hardship Determination*

Next, we turn to Gomez-Vargas's contention that the BIA erred in holding he did not demonstrate his removal would cause his five children exceptional and extremely unusual hardship. This standard requires IJs and the BIA "to evaluate a number of factors in determining whether any hardship to a U.S.-citizen or permanent-resident family member is substantially different from, or beyond, that which would normally be expected from the deportation of a close family member." *Wilkinson*, 601 U.S. at 222 (cleaned up). These factors can include the "ages, health, and circumstances" of the applicant and his relatives, dependent "elderly parents," a "child with very serious health issues, or compelling special needs in school," as well as a "lower standard of living or adverse country conditions" although these alone "generally will be insufficient." *Monreal-Aguinaga*, 23 I. & N. Dec. at 63–64. We cannot review the IJ's factual determinations, but we can review the BIA's decision whether those facts meet the statutory test. *Wilkinson*, 601 U.S. at 225. We do so under a "deferential standard of review," however. *Id.* at 222.

The BIA affirmed the IJ's decision that Gomez-Vargas was ineligible for cancellation because his evidence did not demonstrate his children would experience exceptional and extremely unusual hardship beyond that ordinarily associated with any departure if he were removed. As the IJ noted, Gomez-Vargas's children are healthy and do not currently suffer from medical issues, he could support his family by working in Mexico, he could communicate with them by telephone, and his children could visit him. *See Monreal-Aguinaga*, 23 I. & N. Dec. at 63–64. Under our deferential review, these findings are sufficient and we decline to unsettle the BIA's decision.

## III.

For the foregoing reasons, we DENY Gomez-Vargas's petition.